## CIRCUIT COURT OF WARREN COUNTY

Eric Ross Woods

v.

Commonwealth of Virginia

October 18, 1983

Case No. (Chancery) 4509

By JUDGE HENRY H. WHITING

This matter is before the Court on a petition for expungement of a criminal record brought under the provisions of Virginia Code § 19.2-392.1. The charges were breaking and entering and grand larceny, and the prosecution was terminated by a not guilty verdict.

The defendant (in the criminal case, complainant in this cause) is a young man, born August 7, 1963, with no other criminal record. He attended college briefly in the fall of 1981 and plans to enroll later in a local community college. He presently is employed by a lumber company where he has worked since September of 1982, handles money and may later have to be bonded in order to do that but testified that he had never been refused a bond because of his record. He also testified that the jury was only out four or five minutes before it found him not guilty.

His counsel has argued that the above evidence establishes his entitlement to an expungement as a matter of law. The Court is unable to find that the continued existence and possible dissemination of information relating to his arrest has caused, has now caused or may cause circumstances which constitute a manifest injustice to him and therefore denies the petition.

The finding is based upon the following:

(1) The evidence does not show that the accused is in any position other than that of any other person who has been charged with a felony, found not guilty and released.

(2) While the jury was only out four or five minutes before it returned a verdict of not guilty, the evidence was sufficient for a grand jury to indict the accused and to create a jury issue as to whether he was guilty. If the jury had found the defendant guilty, the Court would not have set the verdict aside as it believes that sufficient credible evidence was introduced to justify a finding of guilt if the fact finder had so concluded.

(3) The Court cannot ignore the evidence adduced by the Commonwealth to the effect that the accused had taken a lie detector test prior to this trial and the results indicated that he was untruthful in his answers about his involvement in this particular charge. While lie detector tests are not admissible in evidence and there is considerable controversy about their accuracy and the Court does not base its holding solely on the results of the test, it is one additional reason for denying the petition.

Counsel for the Commonwealth will draw an appropriate decree dismissing the petition and reflecting the petitioner's objections.